UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TERRELL WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:08-CV-508 (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This case is before the Court for disposition of plaintiff's Motion for Summary Judgment [Doc. 13] and defendant's Motion for Summary Judgment [Doc. 17]. Plaintiff seeks judicial review of the decision of the Administrative Law Judge (the "ALJ") denying him benefits, which is the final decision of the defendant, Michael J. Astrue, Commissioner of Social Security (the "Commissioner").

On March 13, 2006, plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), claiming a period of disability which began on March 19, 2004 [Tr. 23]. After his application was denied initially and also denied upon reconsideration, plaintiff requested a hearing. On June 14, 2007, a hearing was held before an ALJ to review plaintiff's claim [Tr. 23-54]. On September 19, 2007, the ALJ found that plaintiff was not disabled [Tr. 23-31]. The Appeals Council denied plaintiff's request for review; thus the decision of the ALJ became the final decision of the Commissioner [Tr. 1-5]. Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ Findings**

The ALJ made the following findings of fact and conclusions of law:

1. The claimant met the insured status requirements of the Social Security Act through June 30, 2004.

2. The claimant has not engaged in substantial gainful activity since March 19, 2004, the alleged onset date (20 C.F.R. 404.1520(b), 404.1571 *et seq.*, 416.920(b), and 416.971 *et seq.*).

3. The claimant has the following severe impairment: schizophrenia and psychosis (20 C.F.R. 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.925, and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but has nonexertional limitations such as the ability to remember simple and detailed instructions with adequate persistence, and pace. He has the ability to interact or get along with co-workers and supervisors, and be aware of normal hazards. Moreover, he can perform all non-exertional limitations with some difficulty, but still is able to perform.

6. The claimant is capable of performing past relevant work as a bagger. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565 and 416.965).

7. Without belaboring the matter of the claimant's ongoing substance abuse or abstinence, therefrom, it will be conceded that any remission from substance abuse has been partial and recent, at best. The decision addressed only those work-related limitations that are independent of substance abuse. The undersigned notes that, even without considering the effects of substance abuse, such limitations would remain. Such concession precludes further consideration of the effects of substance abuse on the claimant's ability to perform work activities.

> 8. The claimant has not been under a disability as defined in the Social Security Act, from December 14, 2003 through the date of this decision (20 C.F.R. 404.1520(f) and 416.920(f)).

[Tr. 25-31].

## II. Disability Eligibility

An individual is eligible for DIB payments if he is insured for DIB, has not attained retirement age, has filed an application for DIB, and is under a disability. 42 U.S.C. § 423(a)(1). An individual is eligible for SSI payments if he has financial need and he is aged, blind, or under a disability. *See* 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Whether a DIB or SSI claimant is under a disability is evaluated by the Commissioner pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant bears the burden of proof at the first four steps. *Id.* The burden of proof shifts to the Commissioner at step five. *Id.* At step five, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

### III. Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and

must be affirmed. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Walters*, 127 F.3d at 528. On review, plaintiff bears the burden of proving his entitlement to benefits. *Boyes v. Sec'y. of Health & Human Serv.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

**IV.	Analysis**

On appeal, plaintiff argues that substantial evidence did not support the ALJ's decision that he was not under a disability. Unfortunately, plaintiff's memorandum [Doc. 14] is so confused that it is difficult to pin down any precise allegations of error in the ALJ's decisionmaking process. The Court construes plaintiff's argument to be that the ALJ erred by:

(A) failing to give appropriate weight to the opinions provided by some (or all) of the sources who treated plaintiff when determining plaintiff's mental residual functional capacity ("RFC");

(B) failing to consider all of the evidence in the record and failing to conduct a "particularized" inquiry when determining plaintiff's mental RFC; and

(C) posing a hypothetical question to the vocational expert present at the June 14, 2007 hearing (the "VE") that did not accurately portray plaintiff's impairments and limitations.

Plaintiff essentially contends that the ALJ's first two errors caused him to make a determination of plaintiff's RFC that was incorrect and unsupported by the record. Plaintiff further argues that the ALJ's utilization of the incorrect RFC in a hypothetical question posed to the VE resulted in an improper finding that plaintiff was capable of performing his past relevant work as a bagger. Plaintiff maintains that he is unable to perform basic job functions and is therefore unable to obtain gainful employment. Accordingly, plaintiff concludes that he is under a disability and is entitled to DIB and SSI payments.

In response, the Commissioner contends that substantial evidence supported the ALJ's determination of plaintiff's RFC [Doc. 18]. The Commissioner argues that the ALJ properly considered *all* of the evidence in the record and then reasonably chose to rely upon the opinion of Dr. William Kenney, Ph.D., and the Psychiatric Review Technique Form (the "PRTF") completed by Dr. George T. Davis, Ph.D., as the most credible and probative evidence when making his determination of plaintiff's mental RFC. The Commissioner also argues that the hypothetical question posed to the VE accurately reflected plaintiff's credible limitations. The Commissioner concludes that substantial evidence supported the ALJ's

determination that plaintiff has the RFC to perform his past relevant work and therefore is not under a disability and not entitled to DIB and SSI payments.

> A. **The ALJ Properly Considered the Opinions Provided by Sources who Treated Plaintiff when Determining Plaintiff's Mental RFC.**

Plaintiff loosely argues that the ALJ erred by failing to give appropriate weight to opinions provided by sources who treated plaintiff for his mental impairments. Plaintiff does not specify exactly which treating source opinions he believes were accorded too little weight by the ALJ. Plaintiff's memorandum confusedly states: "there simply is no evidence which contradicts the treating source's repeated description of Plaintiff's mental disorder as markedly limiting on his ability to perform the essential functions of work. Therefore the ALJ's [sic] is deficient as a matter of law." [Doc. 14, p. 17]. Plaintiff appears to argue, incorrectly, that the ALJ should have aggregated *all* of the treating source opinions contained in the record and considered them as a single medical opinion that was entitled to controlling weight.[1]

Significantly, plaintiff does not argue that the ALJ failed to consider any particular treating source opinion. Plaintiff also does not argue that the ALJ gave inappropriate weight to any particular treating source opinion. In the first section of his memorandum, plaintiff

---

[1]After a ten page recapitulation of the case record, and the medical opinions contained therein, plaintiff's memorandum states that "the above description of Plaintiff's clearly serious and markedly limiting psychotic mental disorder should have been given great weight by the ALJ." [Doc. 14, p. 17]. The Court construes plaintiff's statement to be an argument that the ALJ erred by failing to give great weight to each of the alleged medical opinions that was mentioned in the preceding ten page summary of the record. Essentially, plaintiff argues that every person whose notes or opinions he references was a medical source. As explained *infra*, plaintiff does not provide any support for that argument.

expressly mentions eight sources (seven by name) of opinions about his mental impairments [Doc. 14, pp. 8-16].[2] Plaintiff identifies one source, Dr. William Kenney, as a consultative examiner [*Id.*, p. 14]. Otherwise, plaintiff does not provide any analysis of whether the sources are in fact "treating sources" or whether their opinions are in fact "medical opinions." *See* 20 C.F.R. §§ 404.1527, 404.1513. Plaintiff also does not provide any argument regarding the way in which the ALJ considered each source's opinion. Plaintiff presents no arguments that the ALJ made any errors when considering the opinions, and plaintiff offers no reasons why any of the opinions was entitled to more weight than it was actually given by the ALJ.

The Court is therefore left to interpret the first section of plaintiff's memorandum merely as a broad argument that the cumulative weight of all of the opinion evidence in the record supports a finding that plaintiff does not have the mental RFC to work. Plaintiff basically appears to argue that the ALJ reached an incorrect substantive conclusion about his mental RFC. Plaintiff does not clearly argue that there was insubstantial evidence upon which to base that conclusion. The Court reiterates that the fact that plaintiff's record may possess substantial evidence to support a different conclusion than that reached by the ALJ, or that the Court itself might have decided plaintiff's case differently, is irrelevant. *See*

---

[2] Plaintiff mentions opinions from the following sources: Dr. Robert Harned, MD; Dr. Ittoop Maliyekkel, MD; Joy Murphy, Licensed Clinical Social Worker ("LCSW"); Dawn Trout, LCSW; Dr. David Manning, M.D.; Dr. William Kenney, Ph.D.; Sharon Sanders, RN; and Melissa McCarter, Advanced Practice Registered Nurse ("APRN"). Plaintiff argues that each of theses sources was a medical source whose opinion was entitled to great weight. However, the Court finds that Ms. Murphy, Ms. Trout, Nurse Sanders, and Nurse McCarter were not "acceptable medical sources" as defined in 20 C.F.R. § 404.1513(a).

*Crisp*, 790 F.2d at 453 n.4. It is not the Court's place to reweigh the evidence contained in the record to make its own determination of plaintiff's mental RFC. *See Longworth*, 402 F.3d at 595. Instead, the Court must only look to see that substantial evidence existed for the determination that was made by the ALJ.

Plaintiff does not allege any specific errors in the ALJ's decisionmaking process with respect to his consideration of the opinions about plaintiff's mental impairments contained in the record. In his decision, the ALJ cited the opinions of Dr. Maliyekkel, Dr. Harned, Dr. Manning, Nurse Sanders, Dawn Trout, and Joy Murphy [Tr. 28-9]. Further, the ALJ expressly discussed each of these opinions [Tr. 28-9]. The only opinion mentioned in plaintiff's memorandum to which the ALJ did not refer was that provided by Nurse McCarter [Tr. 289]. The record contains information about Nurse McCarter's face-to-face interaction with plaintiff on only two occasions [Tr. 289, 296-97]. Nurse McCarter's treatment notes include only the following brief opinions:

(1) Plaintiff "appears paranoid";

(2) "I suspect [that plaintiff experiences an increase in symptoms], but cannot confirm"; and

(3) "[I] suspect [plaintiff] is paranoid of this writer due to his interaction with me."

[Tr. 289]. As mentioned *supra* in note 2, Nurse McCarter was not an acceptable medical source. Even so, if the Court assumes *arguendo* that Nurse McCarter was a "treating source" and that the three brief opinions listed above are "medical opinions," it is clear that the opinions are of very little probative value with respect to determining plaintiff's mental RFC.

9

Plaintiff has offered no authority for the proposition that an ALJ is required to expressly *discuss* in his decision each and every treatment note contained in the record. As long as an ALJ *considers* every opinion in the record, the choice of exactly which opinions merit fuller discussion in his narrative decision is properly left to him. The Court finds that the ALJ did not err by failing to expressly discuss or refer to Nurse McCarter's opinions in his narrative decision.

Plaintiff has not directed the Court's attention to any particular statement, action, or omission by the ALJ, and so has failed to provide the Court with any basis on which to remand this case. The Court finds that the ALJ's determination of plaintiff's mental RFC was supported by substantial evidence.

### B. The ALJ Properly Considered the Evidence in Plaintiff's Record When Determining Plaintiff's Mental RFC.

In the second section of his memorandum [Doc. 14, pp. 18-21], plaintiff argues vaguely that the ALJ failed "to perform the mandated mental RFC analysis." [*Id.*, p. 25]. Plaintiff also contends that the ALJ failed to conduct a "particularized" evaluation when determining his mental RFC [*Id.*, p. 18]. Plaintiff more specifically argues that the ALJ erred by failing to explain his reasons for discounting some pertinent evidence in the record [*Id.*, p. 18]. Plaintiff argues that the ALJ's determination of plaintiff's mental RFC merely amounted to a conclusory statement that "[plaintiff] can work." [*Id.*, p. 21].

Again, plaintiff does not allege any specific procedural errors by the ALJ. Plaintiff does not specify any particular pieces of evidence that the believes were not properly

considered. Plaintiff offers no support for his argument that the ALJ did not consider his "severe concentration deficiencies, his frequent relapses into withdrawn, hallucinatory states, his significant difficulty completing simple tasks without assistance, and his markedly low tolerance for stress." [Doc. 14, p. 21]. Plaintiff's summary of the record again appears to be an attempt to convince the Court that the ALJ's substantive conclusion was incorrect. The Court repeats that it is not its place to reweigh the evidence to make its own determination of plaintiff's mental RFC. As plaintiff has presented no specific allegations of error on the part of the ALJ, the Court finds that the ALJ's determination of plaintiff's mental RFC was supported by substantial evidence.

## C. The ALJ's Reliance on Testimony from the VE was Proper.

In the third and final section of his memorandum [Doc. 14, pp. 22-24], plaintiff argues that the hypothetical question that the ALJ posed to the VE at the June 14, 2007 hearing was vague, inaccurate, and lacking in required particularity [*Id.*, p. 22-23]. The Commissioner argues in response that the ALJ's hypothetical question accurately reflected plaintiff's credible limitations [Doc. 18, p. 23]. The Court finds the arguments concerning the ALJ's questioning of the VE to be tautological. The ALJ incorporated his determination of plaintiff's mental RFC into the hypothetical question that he posed to the VE. Because plaintiff disagrees with the RFC determination, he also objects to the ALJ's reliance upon it when formulating the hypothetical question to the VE. Plaintiff does not argue that the ALJ committed any specific procedural errors when formulating the hypothetical question. Plaintiff also presents no new arguments supporting his general contention, addressed *supra*

in parts (A) and (B) of this report, that the ALJ's determination of his RFC was substantively wrong.

At the June 14, 2007 hearing, the ALJ presented the following hypothetical to the VE:

> I'd like for you to assume a hypothetical 20-year-old person as of onset with an 11th grade education. Work experience is as shown. This person has no exertion limitations on the record. From Dr. Davis's evaluation, Social Security's Consultative Examiner, this person can understand and remember simple and detailed instructions despite some difficulty. This person can sustain adequate concentration, persistence, and pace for the same task despite some difficulty. This person can adequately interact and get along with the general public, co-workers, and supervisors despite some difficulty. This person would be aware of normal hazards and would be able to travel independently despite some difficulty. Could that person, with those limitations, perform any jobs in significant numbers in the region?

[Tr. 51]. The Court finds that the ALJ's hypothetical question adequately incorporates his determination of plaintiff's RFC. The Court has concluded, *supra* in parts (A) and (B) of this report, that the ALJ's RFC determination was supported by substantial evidence. Accordingly, the Court finds that the hypothetical question was proper and that the ALJ was entitled to rely on the VE's response. The Court concludes that the ALJ's determination that plaintiff had the RFC to perform his past relevant work as a bagger was supported by substantial evidence. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) ("Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays [the plaintiff's] individual physical and mental impairments." (citations omitted)).

## V. Conclusion

For the foregoing reasons, plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 17] is **GRANTED**; the Court **AFFIRMS** the Commissioner's decision, denying plaintiff's application for benefits; and this case is **DISMISSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE